Christian, J.
delivered the opinion of the court.
The power of a court to set aside a verdict of a jury, and grant a new trial, upon the ground of newly discovered testimony, is one that is exercised rarely and with great caution. It will not be exercised but under very special circumstances. The party asking its exercise must show that he was ignorant of the existence of the evidence relied upon; that he was guiltless of negligence ; and that the new evidence, if it had been before *547 the jury, ought to have produced a different verdict. The newly discovered evidence must not only be material in its objects, and not merely cumulative, corroborative and collateral, but it must be such as ought to be decisive, and productive on another trial of an opposite result on the merits of the case.
These principles are well settled by the decisions of this court. In the case before us it appears that the appellee, JBoyd, had instituted his action of ejectment against the appellant, Markham, in the Circuit court of Botetourt; and that at the June term of that court, in the year 1857, a verdict was found for the plaintiff (the appellee here) for the land in the declaration mentioned. A motion was submitted for a new trial, which was overruled, and a judgment entered in accordance with the verdict. No exception was taken to the judgment of the court refusing a new trial, and consequently neither the evidence nor the facts proved were certified.
In August 1859, Markham filed his bill, praying an injunction to said judgment, and praying that a new trial might be awarded, upon the ground that he had discovered, since the trial, material evidence which could not have been produced by the utmost diligence at the trial, and which was accidentally discovered afterwards. He found it necessary to file an amended bill, and a supplemental bill, which set out more distinctly the character and weight of the evidence, and the manner in which it was discovered. Neither of these bills profess to set out the evidence which was heard before the jury on the trial of the ejectment. An injunction was awarded; and upon a motion to dissolve the injunction, before the same judge who tried.the ejectment case, there was much evidence submitted on both sides; but it is not pretended that all the evidence which was heard before the jury is in the record of the injunction suit. This court, therefore, not having before it the evidence which was before the jury in the ejectment case, cannot *548 possibly arrive at any satisfactory conclusion as to the rele7ancy or strength of the newly discovered testimony.
The judge who presided at the trial of the ejectment su^ anc] who entered the final decree dissolving the injunction and dismissing the bills in this case, is under the circumstances alone competent to decide whether the newly discovered evidence, if it had been before the jury, ought to have produced a different verdict. He has very clearly and decidedly expressed his opinion, in bis decree dissolving the injunction. He says, ‘4 Assuming that the plaintiff has shown due diligence in preparing for his defence at law, it does not appear that the case before the jury would have been materially changed if*the said original deed had been in the possession of the plaintiff at the lime of the trial.”
As to that portion of the land in controversy included in the Dooly patent, under which the defendant Boyd claims (this patent being older than the grant to Henry Banks with which the plaintiff seeks to connect himself), the said deed had no tendency to prove a better title in Markham. It appears that the defendant at the trial of the action of ejectment was permitted to show color of title; that he relied upon his adverse possession for a sufficient length of time, as he contended, to protect him under the statute of limitation; and upon these points parties were fully heard at law. It does not appear that upon another trial the discovery of said deed would enable the plaintiff to make out a stronger case upon another trial. As to the written agreement also alleged to have been discovered since the trial, the court says, 44 The written contract between Milner and Scott, in the bill mentioned, proves nothing that was not substantially proved at the trial. The receipt which was read in evidence, proves the same contract, in substance, which was proved by the written agreement.” Such is the opinion of the court below declared in its decree.
*549 The deed and the written agreement referred to in the decree, constitute the newly discovered evidence upon which the appellant based his application to a court of equity for a new trial. Can this court say that the decree of the court below was erroneous in refusing to award a new trial, when the evidence which was before the jury in the ejectment case is not before this court? "We certainly cannot do this in face of the fact, that the judge who heard all the evidence in the ejectment case, asserts in his decree, that the newly discovered testimony (of the relevancy and strength of which we can form no opinion), could not have had the effect to change the verdict of the jury. The decree of the Circuit court must, therefore, be affirmed.
Decree affirmed.