STAPBES, J.,
delivered the opinion of the court.
The rules governing courts of equity in awarding new trials in actions at law are well settled. The party applying for relief must show that he has a good defense, of which either he had no knowledge until after judgment, or that he was prevented from making it by fraud or accident or some act of the adverse party, unmixed with negligence or fault on his part. 2 Rob. Prac. 213; Green & Suttle v. Massie, 21 Gratt. 356.
The question to be considered by us is, whether John Hubbard, the appellee, consistently with these principles, is entitled to relief against the judgment recovered against him by the appellant Adams. It is very apparent that the appellee, though regularly served with process in the action at law, made no preparation for the trial. He did not employ counsel; he summoned no witnesses. It does not appear that he exercised the least diligence from the inception to the termination of the case. His excuse is, that he was not able to attend the court on account of sickness. But it is certain that he was neither mentally nor physically incapable of employing an agent to look after his interests. He was as competent to make his defense at' law as to bring this suit in equity. The same counsel might have been employed; the same witnesses examined as well in the one case as in the other. So far as the appellee is concerned, it is a case of the grossest negligence. The appellant, however, is not free from suspicion of unfair conduct. The evidence of Mr.» Shelton, the counsel first spoken to by Price, one of the defendants, tends strongly'to show that the judgment was obtained by some ^'management and contrivance on the part of Adams. Notwithstanding the gross and culpable neglect of the appellee, the judge of the County court, under all the circumstances, would, perhaps, have been justified in setting aside the judgment and awarding a new trial. But before the case was ready for a hearing, the parties submitted the matter in controversy to arbitration. It was agreed between them that the arbitrators should determine all the questions in dispute between them; that they should examine the testimony already taken and filed in the cause, and such other evidence as either party might produce, and decide the case upon the equity and rights of both parties. It is verj' apparent it was the intention of the parties that the merits of the wliole controversy should be fully investigated by the arbitrators, and settled upon equitable principles, unaffected by the judgment.
Accordingly the bill, the answer of the defendants, and all the depositions then taken, were read before the arbitrators, the appellant and appellee respectively were examined orally along with other witnesses introduced by them. It seems that the fullest investigation was had, and upon the whole case an award was rendered declaring that the injunction shall and ought to be dissolved.
Now it is very clear that the appellee has obtained all that he sought by his bill, a new trial before judges of his own selection, and that he was afforded ample opportunity' of making his defense upon the merits, untrammelled by technical rules of law. The award is regular on its face, and no complaint is made of any partiality, or improper or illegal conduct on the part of the arbitrators. Surely, an award thus made, cannot and ought not to be set aside, except upon very *clear and convincing grounds. What are the grounds suggested here? I have looked carefully through the record, and can find nothing that affords even su plausible pretext for interfering with the decision of the arbitrators, unless it be the affidavit of Hester McAlexander. It is very probable the decree of the court below was based upon the facts there stated. This affidavit was taken about two months after the award was made. It does not appear that any notice was ever given to the appellant of the examination of this witness. As no objection seems to have been made on this ground in the court below, I suppose we must consider the affidavit as regular, though the form in which it appears, and is certified in tfie record, deprives it of much of the weight due to a deposition regularly taken.
The witness undertakes to repeat conversations held in his presence more than three years before. He does not pretend that his attention was particularly called to what was said. During all this time he keeps his knowledge carefully concealed from the parties until the controversy is about to be terminated, and then for some reason, and in some manner not explained, he contrives to communicate the facts to the appellee. And although much of his testimony, if true, was capable of confirmation by other witnesses, no attempt is made to introduce them. His unsupported declarations thus made, constitute the sole ground for setting aside the judgment and the award.
The most that can be said of this evidence is that it creates a strong suspicion of improper conduct on the part of Adams in the action at law. ‘But if it be conceded that it establishes fraud in procuring the judgment, the result would be a new trial of the action. That result was substantially attained by the submission. *The arbitration as effectually removed the verdict and judgment out of the way, as though a new trial had been directed by a court of equity. If the award was fairly obtained we are not authorized to set it aside because a judgment preceding it may *331 Tiave been the result of a fraudulent combination.
The rules in regard to the setting aside verdicts of juries upon the ground of after-discovered evidence equally apply to awards. These rules are too familiar to require any extended discussion. They were the subject of consideration by this court in the case of the Commonwealth v. Read, 22 Gratt. 924. The principle there stated, and it is sustained by all the authorities, is that after-discovered evidence in order to afford a proper ground for granting a new trial, must be material in its object, and not merely cumulative and corroborative or collateral ; and must be such as ought to produce, on another trial, an opposite result •on the merits.
As has been already seen, a part of the matter stated in the affidavit relates to the manner in which the judgment was obtained. This has already been considered and requires no further notice. The other matters contained in the affidavit have some bearing upon the merits of the controversy. But they are merely corroborative of the evidence in the record, and relied upon before the arbitrators. If these additional facts had been before them the arbitrators might have arrived at a different conclusion. It is impossible to say whether they would or not. We cannot affirm that a different result would or ought to have been produced. Unless this can be done, the court is not, upon any rule applicable to after-discovered evidence, authorized to interfere with the award.
But there is a still more decided objection in the way. We are not in the possession of all the testimony *before the arbitrators. It is true that we have all the depositions taken before the award was made; but a number of witnesses, including the parties, were orally examined. What testimony they gave, or what it proved or tended to prove, we have no means of ascertaining. It may be that the facts stated in the affidavit were the subject of investigation. The appellee may have offered evidence bearing on the same points, and the appellant, on the other hand, máy have met such evidence by testimony of the most satisfactory character. In Callaghan v. Kippers, 7 Leigh 608, Judge Cabell in discussing a nearly similar proposition, said, “It (the record) gives us only the newly-discovered evidence, which, if it was the only evidence in the case, would show the verdict to be wrong. But other evidence was given to the jury, and that evidence may have justified the verdict, even if the newly-discovered evidence had also been before the jury.” This case plainly establishes the rule, that the appellate court will not undertake to interfere with the decision of the trying court upon the ground of after-discovered evidence, unless it has before it all the evidence heard in the latter court. The observance of this rule is necessary to prevent the granting of new trials in consequence of the discovery of mere cumulative facts and circumstances relating to matters which may have been controverted on the former trial.
This doctrine received the unanimous approval of this court in Markham v. Boyd, 22 Gratt. 548. It equally applies to awards as to verdicts, and is decisive of this case. For these reasons the decree of the Circuit and County courts must be reversed, and the bill of complainants be dismissed with costs.
Decree reversed.