# 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## NEALE & ALS. V. FARINHOLT.

### April 24, 1884.

1. APPELLATE PROCEEDINGS.—Judgments of courts of competent jurisdiction always presumed to be right until contrary is shown; and in appellate court, one alleging error in court below must show it *in the record*, in the regular way; else the presumption of correctness must prevail. *Harman* v. *City of Lynchburg*, 33 Gratt. 37.

2. IDEM—*Appeal of right—Appeal for errors.*—Where petition for privilege to erect wharf, &c., is contested and dismissed by the county court, petitioner may, under Code 1873, chapter 178, section 1, appeal of right and give bond during the term. Then the petition is heard *de novo* on extrinsic testimony in circuit court. But if petitioner, under section 2 of that chapter, obtains writ of error, judgment of county court must be reviewed *on the record;* and if there has been taken to the rulings of the court below no bill of exceptions spreading the evidence and points decided on the record, the judgment will be presumed to be right and affirmed. And so, in this court, *quoad* judgment of circuit court. except that appeals to the former from the latter, are always appeals for errors, which must appear in the record. But where petitioner goes to circuit court *on writ of error*, and circuit court, hearing petition on extrinsic evidence, reverses judgment of county court and grants the prayer of the petition, and the case comes to this court without exceptions spreading the evidence and points decided on the record, and no error appears *in the record* of the county court, this court will reverse the judgment of the circuit court and affirm that of the county court.

Error to judgment of circuit court of Essex county, rendered March 15th, 1882, on error to judgment of county court of said county, rendered October 20th, 1880. The last mentioned judgment dismissed with costs, the petition of William H. Farinholt, the appellee, for the privilege to erect a wharf at

Bowen's, in said county, on Rappahannock river. Without bill of exceptions to the rulings of the county court spreading on the record the evidence, but with the consent of the parties inserted in the order of dismission, that instead of reducing to writing the evidence which was before the county court, either party might produce oral or documentary testimony before the appellate court, the petitioner, William H. Farinholt, the appellee here, obtained a writ of error to the circuit court of said county, where the case being heard on extrinsic evidence in support of the petition, the judgment of the county court was reversed, and the prayer of the petition granted. To this judgment R. M. Neale and others, the contestants, obtained a writ of error and *supersedeas* from one of the judges of this court.

*H. R. Pollard,* for the plaintiffs in error.

*T. R. B. Wright, J. H. C. Jones,* for the defendant in error.

LACY, J., delivered the opinion of the court:

The appellants are the riparian owners of the land on either side of the public road leading to Bowen's landing, in the county of Essex, on the Rappahannock river. The appellee is the owner of a wharf built at the said landing, by the said appellee, by authority of the county court some years ago. At the September term of the said county court, in the year 1880, the said appellee applied, after notice, to the said court for leave to erect another wharf at the said place to be used for the erection of a store-house thereon for storage, &c. The application was resisted by the said appellants, the owners of the land adjoining the said shore and landing. At the October term following the county court dismissed the petition of the said appellant with costs.

No exceptions were taken to the ruling of the county court, and no appeal was taken during the term of the said county court to the circuit court, but it was entered in the judgment of

the county court, by consent of parties by counsel, that instead of the evidence which was before the county court being reduced to writing, that either party may produce oral or documentary testimony before the circuit court.

On the 14th of May, 1881, the petitioner applied for and obtained a writ of error from the circuit court of Essex to the said judgment of the county court; and on the 15th day of March, 1882, the circuit court, by order entered therein, reversed the said judgment of the said county court, and granted the prayer of the petitioner.

In the order of the circuit court it is inserted that the defendant, during the progress of the trial, excepted to the opinion of the circuit court, which allowed oral evidence on the part of the petitioner to sustain his petition.

There are no other exceptions to the ruling of the circuit court. The defendants in the circuit court then applied to this court for a writ of error to the said judgment of the circuit court; which was allowed July 21st, 1882. The facts upon which the case was heard in the county court were not certified to the said circuit court in any form, as we have seen. The facts upon which the case was heard in the circuit court do not appear in any manner in the record before this court. Neither the evidence nor the facts proved are certified in either case. Under the first section of chapter 178, Code of 1873, as amended in the Acts of 1878–9, the petitioner in the county court had the right to appeal from the order of the said county court during the term at which the order was made, of right, on giving bond as required by law, and have the case heard *de novo* in the circuit court; or he had the right, under the second section of chapter 178, to bring his case up upon errors assigned to the said judgment—that is, upon exceptions.

As we have seen, he did not avail himself of his appeal of right under the first section, and appeal during the term at which the order was entered, and give bond as required by the statute. He preferred to avail himself, it seems, of the benefits

'of the second section; did not appeal in term, but carried the case up upon the petition and the order of the court and the opinion of the judge; but he had taken no exceptions to the rulings of the court, and had no certificate of the evidence, nor of the facts proved. His petition to the circuit court for a writ of error, and the errors therein assigned, were upon a case not made in the record, and which, so far as the record shows, had no existence. Upon what, sitting as a court for the correction of errors, was the circuit court to act? How could the circuit court consider that there was error in the judgment of the county court? It could not so consider upon the record. And the case being brought up upon the record and assignment of errors, under the second section of chapter 178, the circuit court was confined to the record as it came up certified from the county court; and as no error appears therein, the circuit court erred in awarding its writ of error, and the same should have been dismissed at the hearing by the circuit court, as improvidently awarded.

It is true the counsel agreed among themselves that the evidence should be heard in the circuit court, as it had been in the county-court; and although that agreement should be held binding in that court, and thus prove fatal to the exception taken in the circuit court to the oral testimony there offered, still the fact remains that no error appeared in the judgment of the county court in the record of the case, and the circuit court could only reverse the said judgment of the county court for error appearing therein.

If the agreement of counsel was in effect a waiver of errors, it is their own act, and they must abide the result, although it prove fatal to their right of appeal. The judgment of that court must be held to be right until the contrary appears. There is no mode of appeal except that provided by statute; and if the party appealing does not show errors in the judgment complained of, the judgment must stand, and cannot be reversed. This court must consider the case as the circuit court

did, and the case comes to this court as it did before the circuit
court, and if it could not be reversed by the circuit court, it
cannot be reversed in this court; and it follows if the judg-
ment of the county court was improperly reversed by the cir-
cuit court, the judgment of the circuit court must be reversed,
and the judgment of the county court affirmed.

In the case of *Muire* v. *Falconer*, 10th Gratt. 12, which
is a similar case, this court held, that the appeal being on
the facts as well as the law, that *viva voce* testimony was
properly heard, which was not in the record.   But Judge Allen,
in delivering the opinion of the court said, that the appellant
had *excepted* to the decision of the county court and spread the
facts upon the record ; and in the circuit court the case was
heard upon the record and proceedings in the county court,
together with the *viva voce* testimony then offered, and the
judgment of the county court appearing to be right, the judg-
ment of the circuit court affirming the judgment of the county
court should be affirmed.

In this case there are no exceptions to the ruling of the county
court, and the facts are not spread on the record.   It is true,
the opinion of the county judge and the opinion of the judge of
the circuit court are in writing and filed in the record, but the
case must be heard upon the judgment in the court below.
Errors must affirmatively appear in the record ; the proceedings
of a court of competent jurisdiction are presumed to be right, and
an appellate court will presume the correctness of the proceed-
ings it is called to inspect until error appears on their face.
*Johnson* v. *Mullin*, 12 Ohio, 10.

In the case of *Harman* v. *City of Lynchburg*, 33 Gratt. 43,
Judge Burks, speaking for the court, said : "The judgment of a
court of competent jurisdiction is always presumed to be right
until the contrary is shown, and a party in an appellate court
alleging error in the court below, must show it in the regular
way, or the presumption in favor of its correctness must prevail."
Citing Lord Wensleydale, better known as Baron Parke, as say-

ing in a late case decided in the House of Lords, as to the weight attributable to a judgment of a court of competent jurisdiction when brought under review: "I take it to be perfectly clear, that when a court of error is considering a former decision on appeal, that decision is not to be overturned unless the court of error is perfectly satisfied that the decision is wrong. *Prima facie* it is to be considered a right decision, and is not to be deprived of its effect unless it is clearly proved to the satisfaction of the judge that the decision is wrong." "The *onus probandi* lies on the opposite party to show that it is wrong, and if he satisfies the conscience of the judge that it is wrong, it ought to be reversed." See the case of *Mayor, &c., of Beverly* v. *Attorney General,* 6 H. L. Cas. 310, 332, 333.

Mr. Minor (IV Inst. 871) says: "Where the judgment and action of the court below is definite and is intelligibly presented in the record, and does not appear from the record to be wrong, it is presumed to be right according to the ordinary rule at once of law and of good sense." All acts are presumed to be rightly done until the contrary appears, and are consequently to be affirmed. See *Markham* v *Boyd,* 22 Gratt. 544; *Farrer* v. *Coffman,* 23 Gratt. 871–2; *Mitchell* v. *Thornton,* 21 Gratt. 164; Broom's Leg Max. 729.

No exception having been taken in the county court, no errors set forth by bill of exceptions or otherwise, the same must be presumed to be right, and the circuit court erred in reversing the said judgment. The judgment of the said circuit court must be reversed and annulled, and the judgment of the county court affirmed.

JUDGMENT OF CIRCUIT COURT REVERSED, AND JUDGMENT OF COUNTY COURT AFFIRMED.