# 𝔐𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## OMEGA JONES v. G. W. GAMMON.

### December 18, 1924.

1. CONTRACTS — *Construction* — *Ambiguity* — *Surrounding Circumstances.*— Where the language is ambiguous and susceptible of more than one construction, the court should attempt to place itself as near as possible in the situation of the parties to the contract at the time the agreement was entered into so that it may view the circumstances as viewed by the parties, and thus be enabled to understand the language used in the sense with which the parties used it. In order to accomplish this object, it is generally proper for the court to take notice of surrounding and attendant circumstances and construe the language used in the light of such circumstances.

2. CONTRACTS—*Construction—Provision that Grantor's Daughter should Have a Home—Case at Bar.*—In the instant case a mother conveyed to her son an eleven acre tract of land, upon which she resided with her daughter, subject to the condition of a contract executed at the same time under which it was provided that the son was to purchase from one Johnson a certain lot of land and "do hereby agree to provide for and let this be a home for the lifetime of Omega M. Jones (the daughter), providing she remains single and is under the same roof." The son purchased the Johnson lot and became financially involved and his lands were sold in a creditor's suit. The only controversy in the instant case was whether the mother intended to provide as a home for her daughter the eleven acre tract which she conveyed to her son or whether she intended that the Johnson tract, which she requested him to purchase, should be such home.

    *Held:* That the mother meant that the Johnson tract should be her daughter's home.

Error to a judgment of the Circuit Court of Pittsylvania county, in an action of unlawful detainer. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Harry Wooding, Jr.*, for the plaintiff in error.

*R. I. Overbey*, for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

On the 29th day of August, 1910, Sallie A. Jones conveyed to her son, W. B. Jones, after her death and the death of her husband, eleven acres of land in Pittsylvania county upon which she resided.   The deed is as follows:

"This deed made this the 29th day of August, 1910, between Sallie A. Jones of the first part and W. B. Jones of the second part: Witnesses, that the party of the first part for and in consideration of the sum of ($2.00) two dollars cash in hand paid, the receipt whereof is hereby acknowledged, do by these presents give, bargain, sell, grant and convey unto the said party of the second part, with general warranty of title, that certain tract or lot of land lying and being in the county of Pittsylvania, State of Virginia, adjoining the land of Mrs. M. L. Ford and J. R. Terry, between the Riceville and Markham public road, and being the same land conveyed to Sallie A. Jones by Martha J. Dunn, and containing eleven acres, more or less, this deed is made subject to the condition of a contract which is at the bottom and is to take effect and become in full force immediately at the death of my husband, A. M. Jones, and myself, Sallie A. Jones.   Witness whereunto I set my hand and seal this the 29th day of August, 1910."

The contract provides:

"This Contract made this the 29th day of August, 1910, between Sallie A. Jones of the first part and W. B.

Jones of the second part, all of the county of Pittsylvania, State of Virginia.

"Witnessed, that Sallie A. Jones of the first part do hereby agree to convey to the said W. B. Jones of the second part a certain lot of land containing eleven acres, more or less, at the death of A. M. Jones and myself, Sallie A. Jones, providing that said W. B. Jones would buy from James C. Johnson a certain lot of land lying and being just across and on the west side of Markham public road, and W. B. Jones of the second part do hereby agree to provide for and let this be a home for the lifetime of Omega M. Jones, providing she remains single and is under the same roof, and said parties of the first and second part do hereby waive the homestead as to the aforesaid obligation.   Witness our hand and seal this the 29th day of August, 1910."

Omega Jones, referred to in the contract, is a daughter of Sallie A. Jones and a sister of W. B. Jones.

W. B. Jones purchased the certain lot of land, referred to in the contract, from James C. Johnson and received from Johnson a deed therefor which was duly recorded on September 28, 1910.   Some years later W. B. Jones became financially involved, and in 1916 his lands were sold, in a creditor's suit, for the payment of his debts.   Subject to the life estate of Sallie A. Jones and her husband, the eleven acre tract conveyed by his mother to W. B. Jones was sold to G. W. Gammon, the defendant in error here.   When Sallie A. Jones and her husband died, Omega M. Jones was left in possession of the eleven acre tract of land and she claimed a life estate therein by virtue of the deed and contract between her mother, Sallie A. Jones, and her brother, W. B. Jones.

Gammon instituted an action of unlawful detainer against her, and upon a plea of "not guilty" all matters

of law and fact were submitted to the court without the intervention of a jury.   The court rendered judgment in favor of the plaintiff, Gammon.

The only controversy here is whether Sallie A. Jones intended to provide, as a home for her daughter during her lifetime, the eleven acre tract which she conveyed, subject to her life estate, to her son, W. B. Jones, or whether she intended that the tract of land referred to in the contract which she required her son to purchase from J. C. Johnson should "be a home for the lifetime of Omega M. Jones."   This, of course, involves a construction of the deed and contract.

[1, 2] The construction placed upon these instruments by the trial court seems to us to be plainly right. The language used in the contract, evidently the work of a layman, is not as clear as it might be, but when we consider the situation of the parties, as disclosed by the record, and the object sought to be attained, there can be little doubt as to what was intended to be accomplished.

In Elliott on Contracts, section 1517, it is said: "Where the language is ambiguous and susceptible of more than one construction, the court should attempt to place itself as near as possible in the situation of the parties to the contract at the time the agreement was entered into, so that it may view the circumstances as viewed by the parties, and thus be enabled to understand the language used in the sense with which the parties used it.   In order to accomplish this object, it is generally proper for the court to take notice of surrounding and attendant circumstances and construe the language used in the light of such circumstances."

The Virginia authorities are in accord with this universal rule.   *McCorkle & Son* v. *Kincaid*, 121 Va. 546, 93 S. E. 642; *Richmond Eng. Corp.* v. *Loth*, 135 Va. 110,

115 S. E. 774; *Heatherly* v. *Farmers' Bank*, 31 W. Va. 70, 5 S. E. 754.

The evidence shows that Sallie A. Jones and her husband and Omega Jones, their unmarried daughter, lived together on the eleven acre tract. The parents were advanced in years and the idea was not only to have the companionship and help of their daughter during their lifetime, but also in consideration of these services on her part to provide a home and for the support of Omega, and to give the son, W. B. Jones, some consideration and some incentive to see that this was accomplished. By the terms of the contract Omega was to remain single and live with her parents "under the same roof," in order to entitle her to the benefits of the contract. W. B. Jones was required to purchase the Johnson tract, to provide for and "let *this* be a home for Omega." "This" could refer to no other tract than the tract mentioned immediately before its use, the tract which they then had in mind and about which they were talking and writing.

The deed conveying the eleven acre tract to the son had disposed of this tract but attached a condition to the ownership which was set out in the contract, but the contract itself deals primarily with an entirely different piece of land. It mentions the eleven acre tract in order to show the consideration for its requirements and its connection with the deed, but the subject matter of the contract is the J. C. Johnson tract, and it was this tract the parties were dealing with at the time and to which they referred when they used the language "let this be a home for the lifetime of Omega M. Jones." It would have been without reason for the mother to require her son to purchase this tract if it had not been intended as the ultimate home for Omega. It would amount to this, that Sallie A. Jones would require her

son to buy four acres of land for *himself*, in consideration that her daughter Omega should have a home for her life in the eleven acre tract, and that the son should provide for her there.   If she had wanted to give Omega an interest in the eleven acre tract she could have done so without requiring W. B. Jones to do anything; certainly she would not require him to burden himself with an apparently useless piece of land.

There is no escape from the conclusion that the object in making the contract and deed was to provide for the support of, and to provide a home for, her daughter, that she required her son to purchase the four acre tract of land for his sister, the consideration therefor being a deed to him for the eleven acre tract free from any claim of his sister.

There is some obscurity in the language used, but whatever there is of obscurity is due to the lack of skill with which the contract was drawn.   In spite of this, the objects to be attained stand out so plainly that there can be no doubt as to what the parties intended and little room for two constructions.

We cannot say the trial court erred.   Its judgment is not shown to be incorrect.

In the case of *Harman* v. *City of Lynchburg*, 33 Gratt. (74 Va.) 43, Judge Burks, speaking for the court, said: "The judgment of a court of competent jurisdiction is always presumed to be right until the contrary is shown, and a party in an appellate court alleging error in the court below must show it in the regular way, or the presumption in favor of its correctness must prevail."

See also *Neale* v. *Farinholt*, 79 Va. 54, and cases there referred to.

For the foregoing reasons, we are of opinion to affirm the judgment of the trial court.

                                        *Affirmed.*

CHRISTIAN, J., dissenting:

Judge Crump and I feel constrained to dissent from the opinion of the majority of the court in this case for the following reasons:

The deed and contract, which is made a part of the deed, dated August 29, 1910, between Sallie A. Jones and her son, W. B. Jones, is badly expressed and ambiguous, but this is a possessory action, in which Omega Jones, the daughter of Sallie A. Jones, who was given a home for life by said deed, was not represented by counsel in the lower court, and had no opportunity to explain the ambiguity. This deed and contract were not to take effect until the death of Sallie A. Jones and her husband, which occurred within three years prior to the bringing of this action of unlawful detainer in 1923. The contract had the following conditions: "Providing that said W. B. Jones would buy from James C. Johnson a certain lot of land lying and being just across and on the west side of Markham public road, and W. B. Jones of the second part do agree to *provide for and let this* be a home for the lifetime of Omega M. Jones, providing she remains single and is under the same roof." It appears from the record that W. B. Jones, on September 28, 1910, purchased four acres of land from J. C. Johnson *on the waters of Banister river and adjoining the lands of C. W. Tune and others.* In 1916, W. B. Jones became insolvent, all of his land was sold in a creditors' suit, and Gammon purchased his interest in the old home place. We are all agreed that the intent of Sallie A. Jones was to provide a home for life for her daughter, Omega. The majority opinion construes the words "do hereby agree to provide for and let this be a home for the lifetime of Omega," to refer to the Johnson land,

though it is not identified as that in the contract except by similarity of name.

We think that the plain and natural meaning of the words "provide for" is *support* (Century Dictionary), *"and let this be a home"* refers to the old homestead where Omega lived with her mother, and this construction is strengthened by the words "is under the same roof." Our construction seems conclusive from the fact that W. B. Jones has never provided any home for his sister, and she has remained and is now "under the same roof," to-wit, the old home of her mother.

As stated above, this action involves only the right of possession, and not whether the clauses are conditions, charges upon the land, or covenants. The statute law of Virginia provides (Virginia Code, section 5450): "No such judgment shall bar any action of trespass or ejectment between the same parties, nor shall any such judgment or verdict be conclusive, in any such future action, of the facts therein found." W. B. Jones not having provided a home for Omega, Gammon, the purchaser of his rights in the old homestead, cannot try title to this land in an action of unlawful detainer.

CRUMP, P., concurs with CHRISTIAN, J.