## Richmond.

### PHILLIPS & NEAL V. A. C. BAKER.

#### January 14, 1926.

1. APPEAL AND ERROR—*Verdict Without Evidence to Support it or Against the Evidence—Assignment of Error—Putting a Finger on the Error—Case at Bar.*—In the instant case, a proceedings by attachment by a subcontractor against the general contractors to recover for dirt moved by the subcontractor, the sole question at issue was the number of cubic yards of dirt moved by plaintiff. There was a judgment for plaintiff which defendants asked to have set aside as contrary to the law and the evidence and without evidence to support it. The trial court overruled defendants' motion and rendered judgment for plaintiff. The Supreme Court of Appeals could not say that the jury's verdict was right, and yet in the state of the conflicting evidence, the verdict could not be said to be wrong. Defendants could not put their finger on the error in the judgment nor could they show that their contention was correct. Under such circumstances, the appellate court must affirm the judgment of the trial court.

2. APPEAL AND ERROR—*Verdict Without Evidence to Support it or Contrary to the Evidence—Action by Subcontractor Against General Contractors for Removal of Dirt—Conflicting Expert Testimony—Case at Bar.*—In the instant case, a proceedings by attachment by a subcontractor against the general contractor to recover for dirt moved by the subcontractor, the sole question at issue was the number of cubic yards of dirt moved by plaintiff. Plaintiff relied almost exclusively upon the testimony of an expert witness, who estimated the amount of work done by plaintiff. Defendants relied upon an expert who estimated the amount of work done by plaintiff for them. There was a large discrepancy between the estimate made by the expert for the plaintiff and that made by the expert for defendants. This discrepancy arose out of the information upon which these experts acted. While it could not be said with certainty that the verdict of the jury, and the court's judgment thereon, in favor of the plaintiff were correct, under all the circumstances of the case, yet the defendants failed to point out where the judgment or verdict were wrong, nor did they show satisfactorily what the true amount of dirt moved was.

*Held:* That the judgment for plaintiff must be affirmed.

Error to a judgment of the Circuit Court of North-ampton county, in an attachment proceedings. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Mears & Mears*, for the plaintiff in error.

*Louis S. Sacks*, and *W. A. Dickinson*, for the defend-ant in error.

CHICHESTER, J., delivered the opinion of the court.

This is a foreign attachment sued out by A. C. Baker, plaintiff below, and hereinafter so designated, against C. M. Phillips and T. L. Neal, partners, trading as Phillips and Neal, nonresidents, hereinafter designated as defendants.

The plaintiff asserted a claim of $1,400, levied the attachment upon effects of the defendants and desig-nated the State Highway Commission as being in-debted to defendants, whereupon defendants deposited $1,500 in court, pleaded payment of the debt alleged with the exception of $104, which they tendered plain-tiff, and pleaded tender as to this amount.

Upon trial of the case at the January, 1925, term of Northampton circuit court, a jury returned a ver-dict in favor of the plaintiff for $1,000, subject to a credit of $104.

The defendants moved the court to set aside the verdict because the same was contrary to the law and the evidence and without evidence to support it, and the court overruled the motion and rendered judgment for the plaintiff in the sum of $896.

To this action of the court defendants took exception and the writ of error, duly granted, brings this judgment in review before this court.

The defendants are general contractors, and as such entered into a contract with the State Highway Commission for the construction of about six miles of concrete highway in Northampton county. They contracted with A. C. Baker, the plaintiff, to do the rough grading, that is, to make all cuts of six inches and over. For this work plaintiff was to receive fifty cents per cubic yard for all dirt moved by him.

The sole controversy here is as to the number of cubic yards of dirt moved by the plaintiff. He claims to have moved 8,000 cubic yards of dirt, which at fifty cents per yard would amount to $4,000. He received in cash during the progress of the work $2,600, leaving due him, according to his contention, $1,400, less $104 paid into court, which defendants admitted was due, leaving a net balance of $1,296.

According to defendants' contention, plaintiff moved 5,312 cubic yards of dirt, and there was due him for moving same $2,656, with some additions for moving stumps and for overhauls, which increased the amount to $2,704; $2,600 of which was paid direct to plaintiff, and $104 was paid into court.

Thus the jury's verdict and the judgment thereon fell $400 short of the amount claimed by the plaintiff and exceeded the amount contended for by defendants by $896.

[1] We cannot say that the jury's verdict was right, and yet, in the state of the evidence, we cannot say it is wrong. After a careful review of the evidence, we do not think the defendants have shown where the verdict is wrong. They have not put their finger on the error, nor have they shown wherein their contention is

correct. Under such circumstances, this court must affirm the judgment of the trial court. *Harman v. City of Lynchburg*, 33 Gratt. (74 Va.) 43; *Neale et als. v. Farinholt*, 79 Va. 58, and cases there cited.

[2] As to the actual amount of dirt removed by plaintiff, the evidence is in this condition: The plaintiffs and defendants know nothing of material value. Upon this point plaintiff relies almost exclusively upon the testimony of A. L. Detweiler, assistant division engineer of the Pennsylvania Railroad. He pointed out to Detweiler the work he had done and had him estimate it. The witness says he made his estimate from the condition on the ground as to cuts. There were no original ground lines, except out in the adjoining fields, and these were leveled across, by using a Locke level, and reduced to the original ground lines. Where original grade lines were inaccessible, the grade stakes set by the State engineers, who made the survey for the road, were used. There were some parts of the work done by the plaintiff which the witness did not measure, but estimated. His calculation resulted in crediting plaintiff with having moved in all 7,319 cubic yards of dirt.

On cross-examination, Detweiler admitted that the standard method of estimating a cut was to make a survey prior to making any excavation, and then to resurvey afterwards. In further cross-examination the witness was checked up in regard to his estimate by the survey made by the State Highway Commission, and there were some discrepancies shown.

So far as the real issue in the case is concerned, the defendants relied on their witness, John A. Brumley, an inspector for the State Highway Commission, but who as to this job was an employee of defendants under whose direction the plaintiff did his work. He testified that he made a survey for defendants, but he

had the grading done according to the State's survey, and that according to the State's survey there were 13,736 yards of dirt to be moved, and that of this the plaintiff, A. C. Baker, moved 5,312. The rest was moved, or was to be moved (the work not having been completed at the time this case was tried in the circuit court), by defendants.

Thus there is a difference of nearly 3,000 cubic yards in the estimate made by Detweiler for plaintiff, and that made by Brumley for defendants. If this difference could be accounted for by reason of the fact that Detweiler made no survey prior to the removal of any dirt, and then a second survey after the removal (which as admitted by all parties is the standard method of doing it), and Brumley did, then there would be some force in the contention of counsel that the verdict of the jury was based on evidence which is contrary to the laws of mathematics or with conceded or undisputed facts. The chief discrepancy here grows out of the information upon which these engineers acted. That is apparent, even from a casual reading of the evidence. Detweiler acted from information furnished him by Baker, the plaintiff, and Brumley, acting as an employee of the defendants, says he acted from observation. There is a difference between what Baker pointed out to Detweiler as the amount of dirt he, Baker, moved, and that which Brumley says Baker moved. Thus, before the jury, in addition to the difference which might be accounted for by the fact that Brumley used the better method of calculating the amount of excavation, there was a difference as stated between Baker and Brumley as evidenced by the information Baker gave Detweiler, from which the latter made his calculations, and the information upon which Brumley acted, which he says was from his own knowledge of where Baker worked and what he did.

All this was before the jury. They saw and heard the witnesses testify. They took into consideration the interests of the parties testifying, Detweiler being employed by the plaintiff and Brumley by the defendants, and their verdict indicates that they reached a compromise between the extreme views, because if they had found for the plaintiff for all he claimed, they would have returned a verdict of $1,296, instead of $896, and on the other hand if they had found for defendants, it would have meant that the plaintiff recovered nothing.

There is another thing in the evidence which must have impressed the jury. There were over 13,000 cubic yards of dirt to be moved on this allocation, according to the State highway maps. According to the plaintiff's testimony he was to make all the excavations by these plans of six inches and over. This practically included all the rough grading. The contractor moved the rest of the dirt, including that for the shoulders, after the concrete was laid. There is no evidence that the plaintiff did not complete his contract, and yet of this 13,000 cubic yards to be moved, while the plaintiff claimed to have moved approximately 8,000 yards, Brumley only gave him credit for having moved about 5,000 cubic yards. No explanation is vouchsafed by the defendants' chief witness, Brumley, how practically all the rough grading on the contract, involving the removal of 13,000 cubic feet of dirt, could be completed by the removal of a little more than a third of the total. So we think there is enough evidence to support the verdict found by the jury.

As indicated before, while we cannot say with certainty that the verdict of the jury and the court's judgment thereon are correct, under all the circumstances of this case we do not think the defendants have either pointed out where they are wrong, or have

shown satisfactorily what the true amount of dirt moved was.

We are, therefore, of opinion to affirm the judgment of the circuit court.

*Affirmed.*